PER CURIAM.
This is an appeal from a final judgment entered against the appellant who was the defendant in an action in the Circuit Court of Dade County brought by appellees for conversion of joint venture assets.
Appellant denied the allegations of the complaint and counterclaimed for an amount in excess of plaintiffs’ claim which he alleged was due him for services rendered in connection with the construction and sale of apartments being built and sold by appellees as a joint venture.
The issues were tried by the court, non-jury. The trial court’s findings of fact and conclusions of law are as follows:
“In May of 1971, David Mitchell Fieldstone, Ronald Richard Fieldstone, Charles Giller and D. G. Alvey entered into a Joint Venture Agreement for the development of a condominium on Bay *706 Harbor Island in Dade County, Florida. Ronald Richard Fieldstone was a student, then attending the University of Pennsylvania. David Mitchell Fieldstone is a Canadian lawyer, resident of Toronto, Canada. The father, Samuel Irving Fieldstone, was appointed by them as their agent and attorney-in-fact to act for them and to sign any and all documents necessary in carrying out the purpose of the joint Venture.
“Shortly after the formation of the venture, Charles Giller assigned his interest in the joint venture to Charles Giller & Associates Architects, Inc., and Charles Giller & Associates Architects, Inc., Pension Trust.
“The venture proceeded, the condominium was built and the units were sold.
“During the course of the venture, friction developed between Charles Giller and Samuel Irving Fieldstone. In May of 1973, after construction had been completed and all of the units sold, Samuel Irving Fieldstone requested a fee of $30,000.00 for services rendered to the joint venture. Mr. Fieldstone had, in fact, endorsed the note of the venture with The First State Bank for construction financing of the project. At the time of his endorsement, however, he had not indicated to any of the venturers that he expected a fee for said endorsement.
“Three of the venturers initially agreed to compensate Mr. Fieldstone $30,000.00. On August 15, 1973, Samuel Irving Fieldstone sent to Charles Giller the written agreement for compensation bearing signatures of D. Gary Alvey, David M. Fieldstone and Ronald R. Fieldstone and requested that Mr. Giller execute the same as the fourth venturer. The Joint Venture Agreement provided:
“ ‘No Joint Venturer shall be entitled to borrow any funds or to incur any liability on behalf of the joint venture unless first authorized in writing signed by all of the Joint Venturers
Mr. Samuel Irving Fieldstone was aware of the provision at all times. The day after sending the letter to Mr. Giller, Mr. Fieldstone withdrew $30,000.00 out of the bank account of the Joint Venture. Mr. Giller refused to sign the agreement and Mr. Alvey immediately notified Mr. Giller that he no longer considered himself bound on the agreement.
“Mr. Fieldstone’s two sons, the joint venturers, David Mitchell Fieldstone and Ronald Richard Fieldstone, have filed pleadings in this cause admitting liability to their father.
“During the course of the proceedings, it appeared that in addition to the $30,000.00 Mr. Fieldstone had taken, without authorization, $2,000.00 of the joint venture’s monies as automobile expense.”

"CONCLUSIONS OF LAW

“Under the Uniform Partnership Act, adopted in Florida, effective January 1, 1973, § 620.60 F.S., F.S.A. no act of a joint venturer in controvention of a restriction on authority binds the venture to persons having knowledge of the restriction. This merely codifies the Common Law of Florida as it existed prior to the effective date of the statute, Barwick v. Alderman, Fla. [46 Fla. 433] 35 So. 13, 24 Fla.Jur. Partnerships, § 73. The Joint Venture Agreement here involved required the assent of all four venturers to bind the venture. Samuel Irving Fieldstone admitted knowledge of this provision and is bound thereby.
“Two of the venturers, David Mitchell Fieldstone and Ronald Richard Field-stone, admitted liability on the contract *707 of employment with their father. They are liable personally on said contract by reason of said admission. 24 Fla.Jur. Partnerships $ 77 and cases cited there-
“Upon the above Findings of Facts and Conclusions of Law, it is
“ORDERED, ADJUDGED AND DECREED that .Charles Giller Associates Architects, Inc., and Charles Giller Associates Architects, Inc. Pension Trust and D. G. Alvey, Ronald Fieldstone and David Mitchell Fieldstone as co-partners have and recover a judgment against Samuel Irving Fieldstone in the amount of $32,000.00 plus interest of $2,880.00 for which sum let execution issue, and it is further:
“ORDERED, ADJUDGED AND DECREED that Samuel Irving Fieldstone have and recover a judgment against Ronald Richard Fieldstone and David Mitchell Fieldstone in the amount of $32,000.00 plus interest in the amount of $2,880.00, for which sum let execution issue. Costs shall abide the result of this action.”
Appellant urges reversal on the grounds that: (1) there was no actionable conversion; (2) he performed personal services and rendered valuable financial assistance to the joint venture with the principals’ knowledge and acceptance and to their material benefit; (3) the court erroneously excluded testimony showing Giller’s recognition of appellant’s entitlement to compensation.
We have carefully considered all points on appea.l in the light of the record, briefs and arguments of counsel. The trial court’s findings of fact are supported by the record and the judgment is in accordance with settled principles of law. Therefore, the judgment appealed is affirmed.
Affirmed.